## YANADA *v.* SPALDING.

*(Circuit Court, N. D. Illinois. May 26, 1885.)*

1. CUSTOMS DUTIES—MERCHANT APPRAISAL UNDER SECTION 2930, REV. ST.
   The appraisement of the merchant appraisers shall be final, and deemed to be the true value, and the duties shall be levied thereon accordingly, and an importer is not estopped from going below his entry value on any single item of his invoice; and duty should be assessed upon the value returned by the merchant appraisers.

2. SAME—ADDITIONAL DUTY OF TWENTY PER CENT.
   Under the circumstances of this case penal duty was improperly assessed.

At Law.

*Percy L. Shuman* and *Jo. H. Defrees, Jr.,* for plaintiff.

*Chester M. Dawes,* Asst. U. S. Atty., for defendant.

BLODGETT, J., *(orally.)* In 1883 and 1884 plaintiff imported three lots of Japanese "curios," which, as I understand from the proof, means rare or curious goods of Japanese manufacture. These goods were entered for duty upon the statement of their market value or cost "in the country from which they were imported," but the collector of the port of Chicago, not being satisfied with the value as entered by the importer, caused the actual market value to be appraised, pursuant to the provisions of section 2900, Rev. St.; whereupon the importer gave notice of his dissatisfaction with the collector's appraisal, and called for the appointment of merchant appraisers, pursuant to the provisions of section 2930, Rev. St. Such merchant appraisers were duly appointed, and examined and appraised the goods; whereupon the collector, upon their report, assessed an additional duty on such appraised value of 20 per cent. *ad valorem,* on the ground that the appraised value exceeded the entry value by 10 per cent. or more.

It appears from the proof that the merchant appraisers reported many of the items of the goods in the invoices at prices below the entry value, and that their appraisement, taken as a whole, did not make the value of the goods equal to 10 per cent. in addition to the entry value; but the collector, for the purpose of assessing the duty, disregarded all the valuations of the items in the invoices by the merchant appraisers, where they made the same lower than the entry value, and took, as the basis of duty, the entry value on all goods appraised below the entry value by the merchant appraisers, taking only the merchant appraisers' value where they had raised the valuation above that of the entry value; and upon this basis the appraised value would exceed the entry value by 10 per cent.

The only question in the case is whether the importer is bound by his own entry value of each item in his invoice, or whether, when he calls for merchant appraisers, they are to examine the goods and put their valuation upon them without regard to the entry value. Section 2930, by its last clause, declares that the appraisal—that is, the

appraisement of the merchant appraisers thus determined—"shall be final, and deemed to be the true value, *and the duties shall be levied thereon accordingly.*" I cannot put any other construction upon this language than that merchant appraisers are given plenary discretion to value all the goods in the invoice, and that their valuation is to be binding, and the guide by which the duties are to be assessed. It seems to me that when the importer is dissatisfied with the appraisal put upon the goods by the collector, and calls for merchant appraisers, this tribunal acts, without regard to the entry value, for the purpose of assessing the duties, and that the importer is not bound to pay duties on any article in the invoice at the entered value where the appraisers report a less value.

In this case, I think the collector erred in assuming that the importer was estopped from going below his own entry value on any single item of his invoice; but, on the contrary, should have assessed the duties on the invoice, as a whole, as appraised and valued by the merchant appraisers, and therefore that the additional 20 per cent. duty was improperly assessed.

The issue is found for the plaintiff.